## GILLILAND vs. WALLACE.

JEFFERSON.
September,1817.

Gilliland
v.
Wallace.

Amendments may be allowed at any time before writ of error brought.
If the defect has been assigned as cause of demurrer, the party amending
must pay costs.

MOTION for leave to amend.

GOODENOW, for the plaintiff, moved for leave to amend.

WRIGHT, for the defendant.

PRESIDENT. — Different constructions have been put upon the statutes allowing amendments, and it is to be regretted that, in the late revision of this law, the legislature did not correct its clumsy phraseology. Construed according to the letter of it, it would seem that no amendments can be allowed of such defects as are especially set down as causes of demurrer, and yet such construction would be altogether contrary to the liberal spirit of modern jurisprudence, and probably to the intention of the legislature.

The statute, vol. 14, page 349, says, that " the said Courts respectively, shall and may, by virtue of this act, from time to time, amend all and every such imperfection, defect, and want of form, other than those only which the party demurring shall express as aforesaid; and may at any time before a writ of error be brought, permit either of the parties to amend any defect in process or pleadings, upon such conditions as the said courts respectively, shall, in their discretion, and by their rules, prescribe." The construction which ought to be given to this law appears to me to be this; that the court shall allow amendments to be made of all mistakes and defects in form, in all civil causes, *as a matter of course*, where the defect has not been assigned as a cause of demurrer; and that in all cases when the defect is either matter of substance or of form, which has been demurred to, the court may allow such defects to be amended *upon terms*—and I am the better satisfied with this construction, because it seems more consonant to what I consider as the intention of the Legislature, and to the liberal spirit of modern practice. Beside, such is understood to have been the opinion upon this law, of my respectable predecessor, Judge Tod, and such is the construction given by the Supreme Court of Vermont to a statute of that state from which ours seems to have been copied, see Austin vs. Dills, 1st Tyler 308.

Plaintiff is allowed to amend his declaration, on payment of all costs which have accrued since filing it.